UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA PRYOR,

        Plaintiff,                           Case Number 23-11562

v.                                                 Honorable David M. Lawson

COSTCO WHOLESALE CORPORATION, INC.,

        Defendant.

_____/

## PROTECTIVE ORDER

Pursuant to the stipulation of the parties (ECF No. 16) and Federal Rule of Civil Procedure 26(a), the following is **ORDERED**:

1.      The defendant will produce the following documents, information, and deposition testimony, to the extent they are requested and to the extent they exist, which shall include the identity of certain Costco employees, discovery requests that pertain to the Costco warehouse at issue, its operation, and the alleged incident, photographs taken of the scene of the alleged incident, Costco's surveillance video from the date of the alleged incident, warehouse inspection documents, discovery regarding information regarding similar incidents in the warehouse at issue, witness statements, defendant's Member First Report of Incident, defendant's internal policies and procedures, and the deposition testimony of various Costco employees.  All documents and information included in the production that properly are designated as "Confidential and Proprietary" shall be subject to the terms of this protective order.

2.      The documents, information, and deposition testimony produced by the defendant and the contents thereof, which are properly designated as "Confidential and Proprietary," shall be maintained, including copies made of those documents, in confidence, by the plaintiff's attorneys and his consultants.

3. The designated documents, information, and deposition testimony produced by the defendant and the contents thereof shall be used only in connection with the above-captioned action and shall not be used for any other purpose whatsoever, with the exceptions set forth in paragraph 7. The documents properly designated as "attorney's eyes only" shall not be viewed by or shared with any other individual, subject to the exceptions set forth in paragraph 7.

4. No person who examines the documents, information, and deposition testimony designated as Confidential and produced pursuant to this Order shall disseminate orally, in writing, or by any other means, those documents, information, and deposition testimony, or the information contained therein, to any person not also authorized to examine the documents under the terms of this Order.

5. The plaintiff's attorneys may permit a consultant or expert retained by the plaintiff to review the designated Confidential documents, information, and deposition testimony, subject to this Protective Order; but the plaintiff's attorney first must obtain from such consultant or expert a written statement confirming the consultant's or expert's agreement to comply with each of the terms of this Protective Order. Each such consultant or expert shall agree in writing that such documents and the contents thereof shall not be disclosed to any other person or entity except for the purpose of this case. The documents, information, and deposition testimony provided to any such consultant, attorney, party or expert must be returned to the defendant within thirty (30) days of the conclusion of the above-referenced case pursuant to the terms of Paragraph 8 below. The defendant must make a demand for return of said documents, information, and deposition testimony at the conclusion of the matter whether said conclusion be by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment, order, or otherwise. If no demand is made by the defendant, the plaintiff shall certify that all designated Confidential materials, documents,

information, and deposition testimony are destroyed 90 days after the conclusion of the above-referenced case.

6. Notwithstanding this Order, any party may challenge the propriety of discovery on any appropriate grounds, including, but not limited to, relevance, materiality, or privilege.

7. This Order shall not restrict in any manner the right of any party to offer or to use as evidence at the trial of this action and in litigation of this matter any of the documents, information, and deposition testimony subject to this Protective Order; nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any document, information, and deposition testimony. This order does not restrict or regulate the Court and its staff as to filing, use, or disclosure of the documents, materials, or information described in this order.

8. At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment, order, or otherwise, all of the documents, information, and deposition testimony produced by the defendant and designated as "Confidential and Proprietary" under this Protective Order, including any and all copies or renditions made from such documents and materials, shall be returned to the defendant's counsel, within thirty (30) days following of receipt of demand for such return.

9. Any party may apply to the Court for appropriate sanctions for a breach of the terms of this Protective Order.

10. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing;

(c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal.  *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).  With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.  Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required.  If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

11. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal.  The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal.  *See* E.D. Mich. LR 7.1(a).  If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 10 and Eastern District of Michigan Local Rule 5.3.  If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 10 and Local Rule 5.3.  If the motion is denied, then the party separately may file the material, but not under seal.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   January 17, 2024